UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TANNER P.,

                Plaintiff,

          -v-                                 5:23-CV-1551 (AJB/TWD)

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OLINSKY LAW GROUP<br>Attorneys for Plaintiff<br>250 South Clinton Street, Suite 210<br>Syracuse, NY 13202 | HOWARD D. OLINSKY, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>Office of the General Counsel<br>Attorneys for Defendant<br>6401 Security Boulevard<br>Baltimore, MD 21235 | GEOFFREY M. PETERS, ESQ.<br>Special Assistant U.S. Attorney |

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On December 11, 2023, plaintiff Tanner P.[1] ("plaintiff") filed this civil action seeking review of the final decision of defendant Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income and Disability Insurance Benefits

---

[1] On May 1, 2018, the Judicial Conference's Committee on Court Administration and Case Management issued a memorandum that encouraged courts to better protect the privacy of non-governmental parties in Social Security matters by using only the first name and last initial of the claimant in published opinions.

under the Social Security Act.  Dkt. No. 1.  Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 2.

The matter was referred to U.S. Magistrate Judge Thérèse Wiley Dancks for the issuance of a Report & Recommendation ("R&R").  *See* Dkt. No. 5.  Thereafter, Judge Dancks granted the IFP Application, Dkt. No. 6, the Commissioner filed a certified copy of the Administrative Record, Dkt. No. 8, and the parties briefed the matter in accordance with General Order 18, which provides that an appeal from the Commissioner's denial of benefits will be treated as if the parties have cross-moved for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, Dkt. Nos. 11, 12, 13.

On December 20, 2024, Judge Dancks advised by R&R that: (1) plaintiff's motion should be denied; (2) the Commissioner's motion should be granted; (3) the Commissioner's final decision should be affirmed; and (4) plaintiff's complaint should be dismissed.  *See* Dkt. No. 14.

Plaintiff has lodged objections.  Dkt. No. 15.  There, plaintiff challenges the manner in which Judge Dancks considered the ALJ's treatment of "Dr. Ocedfin's" medical opinion.  *Id*.  In plaintiff's view, the ALJ "provided a vague, conclusory, [rationale] and mischaracterizing [*sic*] supportability and consistency analyses."  *Id*.

The Commissioner responds by pointing out that plaintiff's objections "largely repackage his original arguments to this Court."  Dkt. No. 16.  In the Commissioner's view, the Court need only apply the "clear error" standard of review.  *Id*.  Beyond this argument, the Commissioner asserts that Judge Dancks fully considered the ALJ's treatment of "Dr. Ocedfin's" opinion and concluded, for reasons adequately supported by the administrative record, that the ALJ applied the correct legal standard and supported his conclusion with substantial evidence.  *See id*.

The matter has recently been reassigned to this Court for a decision. Dkt. No. 17. Upon review of the briefing, plaintiff's objections must be overruled. As an initial matter, the record reflects that Judge Dancks adequately considered and properly rejected the arguments advanced by plaintiff in his objections. Under those circumstances, it has long been the rule that a District Court should apply the more perfunctory "clear error" standard of review. *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015) (collecting cases).

Even applying the much more rigorous *de novo* review, plaintiff's arguments would not warrant relief. The ALJ's treatment of the medical opinion from "Dr. Ocedfin," which, as the Commissioner points out, is really a joint opinion from Dr. Andrew Ogden and Physician's Assistant L. Trickey, was the central argument in plaintiff's appeal. Judge Dancks analyzed the manner in which the ALJ evaluated the supportability and consistency of this medical opinion. While the ALJ's explanation about the relative supportability of this opinion might have been "brief," Judge Dancks correctly concluded that it *was*, in fact, both poorly supported and clearly inconsistent with the record as a whole. Accordingly, the R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 14) is ACCEPTED;

2. Plaintiff's motion is DENIED;

3. The Commissioner's motion is GRANTED;

4. The Commissioner's final decision is AFFIRMED; and

5. Plaintiff's complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: January 30, 2025
Utica, New York.

Anthony J. Brindisi
U.S. District Judge